John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
Ashley L. Shively (SBN 264912)
Email: ashively@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Randall D. Haimovici (SBN 213635)
Email: rhaimovici@uber.com
Angela B. Johnson (SBN 287421)
Email: angelaj@uber.com
Ariel F. Ruiz (SBN 305488)
Email: ariel.ruiz@uber.com
Uber Technologies, Inc.
1455 Market Street, Floor 4
San Francisco, CA 94103-1355
Telephone: +1 415 533-7652

Attorneys for Defendant
Uber Technologies, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| FETCH MEDIA, LTD.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | Case No.:  3:18-cv-00015-WHA<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFF FETCH MEDIA, LTD.'S COMPLAINT FOR DECLARATORY RELIEF**<br><br>Hon. William H. Alsup<br><br>Hearing Date:   Feb. 15, 2018<br>Hearing Time:   8:00 a.m.<br>Courtroom:       Courtroom 12, 19th Floor |

–i–

DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PLAINTIFF FETCH MEDIA, LTD.'S COMPLAINT FOR DECLARATORY RELIEF

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 15, 2018 at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12, located on the 19th Floor of the San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, California 94102, Defendant Uber Technologies, Inc. ("Uber"), will and hereby does move the Court to dismiss, or in the alternative to stay, Plaintiff Fetch Media, Ltd.'s ("Fetch") complaint for declaratory relief in favor of a parallel state court action that involves substantially the same parties, underlying factual issues, and questions of state law as presented here.

This motion is supported by this Notice of Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Ashley L. Shively, and any further evidence or argument that the Court may properly receive at or before the hearing on this matter.

DATED: January 10, 2018     REED SMITH LLP

By: /s/ Ashley L. Shively
    John P. Bovich
    Ashley L. Shively
    Attorneys for Defendant
    UBER TECHNOLOGIES, INC.

–i–

DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PLAINTIFF FETCH MEDIA, LTD.'S COMPLAINT FOR DECLARATORY RELIEF

## INTRODUCTION

Fetch's complaint for declaratory relief is a subset of an ongoing lawsuit between the parties currently pending in San Francisco Superior Court. In that case, Uber sued Fetch for over a dozen causes of action under California law, including breach of contract based in part on Fetch's failure to ensure that it was not spending Uber's money on fraudulent advertising. Likewise, here Fetch is seeking a declaration that it did not have a duty to "prevent, identify, or remedy" such fraud under the parties' agreements. Both lawsuits also seek a determination whether, under the parties' agreements, Uber is rightfully withholding payment to Fetch. These actions both exclusively involve the application of California state law. Under well-settled Ninth Circuit law, there is a presumption that such actions should proceed in state court as an affirmative claim, not in federal court as a claim for declaratory relief.

Under the seminal Supreme Court case *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), which the Ninth Circuit frequently applies, a district court should decline to exercise jurisdiction over a declaratory relief action if keeping the action would (1) determine issues of state law, (2) help a party improperly avoid state court proceedings, and (3) cause duplicitous litigation. All three factors are present here. Indeed, proceeding with this action in the face of a concurrent state court action would result in piecemeal litigation, an unnecessary multiplicity of proceedings, would be a waste of the Court's and the parties' resources, and could result in inconsistent judgments. For these reasons, this Court should exercise its broad discretion to dismiss this action, or in the alternative, to stay it pending resolution of the state court action.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The First Federal Action

On, September 18, 2017, Uber filed suit against Fetch in the United States District Court for the Northern District of California, Case Number 3:17-cv-05393 ("Federal Action"), seeking redress for injuries it suffered due to Fetch's fraudulent activity and failures to fulfill its contractual obligations as Uber's mobile advertising agency. Federal Action, Dkt. 1. Uber contracted with Fetch to manage a high-volume mobile advertising campaign based on Fetch's representations that it had the requisite expertise. *Id.* at ¶ 20. Fetch's duties involved interacting with advertising networks

to place Uber advertisements on mobile sites. *Id*. at ¶¶ 22-23. In the course of its duties, Fetch squandered tens of millions of Uber's dollars to purchase nonexistent, non-viewable, and/or fraudulent advertising. *Id.* at ¶¶ 74-78. Fetch knew about the fraudulent mobile inventory it purchased on Uber's behalf, and concealed those facts from Uber. *Id.* at ¶¶ 64-73.

Uber's complaint in the Federal Action asserted the following California state law claims: breach of contract, breach of implied covenant of good faith and fair dealing, intentional breach of fiduciary duty, constructive fraud, negligent misrepresentation, professional negligence, negligence, unfair competition under Cal. Bus. & Prof. Code §§ 17200, et. seq, and unjust enrichment. *Id.* Uber filed the Federal Action in federal court due to the diversity of the parties and amount in controversy. *Id*. at ¶ 7.

## II.     The State Court Action

On September 26, 2017, Phunware, Inc. ("Phunware"), a mobile advertising network that Fetch hired to conduct advertising campaigns on behalf of Uber, filed suit against Uber in the Superior Court of the California, County of San Francisco, Case Number CGC-17-561546 ("State Court Action"), asserting a claim for breach of contract based on Uber's withholding of payment to Fetch, who in turn withheld payment from Phunware. On November 13, 2017, Uber filed a cross-complaint against Phunware. Declaration of Ashley L. Shively ("Shively Decl."), ¶ 2, Exhibit A. And because Fetch's fraudulent conduct led to Uber's nonpayment described in Phunware's complaint, Uber also added Fetch as a third party defendant to the State Court Action. *Id*. Uber's complaint against Fetch in the State Court Action was not limited to the issues that Phunware raised in its complaint against Uber, but rather broadly encompassed all wrongful conduct on Fetch's part, just as Uber had done in the Federal Action. Uber also asserted the same causes of action against Fetch in state court as it did in the Federal Action, adding additional claims for conspiracy and intentional interference with contract under California law. *Id*.

On December 18, Fetch and Phunware jointly moved to stay the State Court Action Phunware itself initiated, mainly on the basis that it was duplicative of the Federal Court Action. Uber was also concerned about parallel actions, so on December 22, 2017, Uber voluntarily dismissed the less-inclusive Federal Action to avoid duplicative litigation in both federal and

Case No. 3:17-cv-00015-WHA              –2–

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

California courts, and because the Superior Court was better positioned to decide issues of California law – *not, contrary to Fetch's self-serving assumption, to avoid Judge Gonzalez Rodgers*.[1]

On January 8, Fetch and Phunware filed demurrers in the State Court Action. Fetch's Demurrer to Uber's Cross-Complaint (filed Jan. 8, 2017); Phunware's Demurrer to Uber's Cross-Complaint (filed Jan. 8, 2017). The demurrers seek dismissal of all of Uber's tort claims against Fetch and Phunware, nearly 20 causes of action total. In addition, discovery in the State Court Action has already begun, as Uber and Phunware have served each other with an initial set of written discovery requests and responses, and Uber has served Fetch with requests for production of documents. Shively Decl., ¶ 2.

## III.   The Parallel Declaratory Relief Action

On January 2, 2018, Fetch brought the present declaratory relief action against Uber, seeking a declaration that, under the parties' relevant agreements, 1) Fetch did not have a duty to prevent fraud by the networks and publishers from which it purchased mobile advertising space on behalf of Uber, and 2) Uber had no basis to refuse to pay Fetch or the networks or publishers ("Dec Relief Action"). Although worded differently, the Dec Relief Action essentially mirrors Uber's breach of contract cause of action against Fetch in state court. Both cases require interpretation of the relevant agreements, and a determination of the parties' respective burdens and obligations thereunder. *Compare* Dec Relief Action, Dkt. No. 1 at ¶¶ 15-30, 53 *with* Shively Decl., Ex. A at ¶¶ 20-34, 116-123. Likewise, whereas the state court cross complaint contains factual and legal allegations supporting Uber's withholding of payments to Fetch under the agreements, the Dec Relief Action alleges that Uber has no basis to withhold such payments. *Compare* Dec Relief Action, Dkt. No. 1 at ¶¶ 45-46, 58-60, 62 *with* Shively Decl., Ex. A at ¶ 81. However, the Dec Relief Action is limited to declaratory relief and it does not involve the claims for damages which are set forth in the state court action. The Dec Relief Action also does not cover any of the numerous tort claims Uber brought in the State Court Action, or any claims between Uber and Phunware.

---

[1] Indeed, Uber did not oppose Fetch's recent motion to relate the present case to the Federal Action, which Fetch filed to ensure that Judge Gonzalez Rodgers would preside over this case.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 3:17-cv-00015-WHA                                –3–
DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PLAINTIFF FETCH MEDIA, LTD.'S COMPLAINT FOR DECLARATORY RELIEF

# ARGUMENT

## I. LEGAL STANDARD

### A. There is a Presumption the Parties' Dispute Should Be Heard in State Court

A district court's decision to exercise jurisdiction over an action that seeks relief under the Declaratory Judgment Act is discretionary. This discretion arises from the Declaratory Judgment Act which "gave the federal courts competence to make a declaration of rights but does not impose a duty to do so." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). Indeed, "[e]ven if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002).

Additionally, where, as here, "a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a *presumption that the entire suit should be heard in state court*." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991) (emphasis added); *see Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir. 1995) (noting "general rule" that federal courts should "decline to assert jurisdiction in . . . declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule") (internal quotation and citations omitted) (overruled on other grounds by *Dizol*, 133 F.3d at 1220; *see also Catholic Foreign Mission Soc. of Am., Inc. v. Arrowood Indem. Co.,* 76 F. Supp. 3d 1148, 1161 (D. Haw. 2014) (in parallel state proceedings involving the same issues and parties, there is a presumption that the entire suit should be heard in state court).

### B. The *Brillhart* Factors

In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), the Supreme Court held that under certain circumstances, federal courts may decline to exercise declaratory judgment jurisdiction when there is a "parallel" lawsuit pending in state court. *Brillhart* explains that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues,

not governed by federal law, between the same parties."[2] *Id.* at 495.  In the Ninth Circuit, *Brillhart* "remain[s] the philosophic touchstone for the district court." *Dizol*, 133 F.3d at 1225; *Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1020 (N.D. Cal. 2005).

Under *Brillhart*, the district court should not issue declaratory relief if doing so would (1) "needlessly determine issues of state law," (2) help a party improperly "avoid state court proceedings," (i.e., forum shopping) or (3) cause "duplicitous litigation." *Chamberlain*, 931 F.2d at 1367.

### a. Needless Determination of Issues of State Law

Under the first *Brillhart* factor, the Court determines whether dismissal would "avoid having federal courts needlessly determine issues of state law." *Chamberlain,* 931 F.2d at 1367.  Courts have held that this factor favors dismissal when the issues presented in the case center on questions of state law.  *See State Farm Mut. Auto. Ins. Co. v. Marentes*, No. 15-CV-02289-LHK, 2015 WL 6955012, at *4 (N.D. Cal. Nov. 10, 2015) (factor favored dismissal because the issues presented centered solely on disputes over California law); *see also Medmarc Ins. Co. v. Berkeley Properties, Inc.*, No. C 03-0259 MMC, 2003 WL 21018205, at *3 (N.D. Cal. Apr. 29, 2003) (factor favored dismissal because "the claims presented herein raise questions exclusively of state law"); *see, e.g.*, *Md. Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1183 (C.D. Cal. 2014) ("A 'needless determination of state law' may involve . . . a lawsuit with no compelling federal interest (e.g., a diversity action)"); *Knapp v. Depuy Synthes Sales Inc.,* 983 F. Supp. 2d 1171, 1177 (E.D. Cal. 2013) (factor favors dismissal because it "would require decision on purely state law issues" that are the same from the state court case); *Catholic Foreign Mission Soc. of Am., Inc*, 76 F. Supp. 3d at 1158 (when there is no federal question and no federal interest at issue and the case is governed by state law, "[a] federal district court should avoid needless determinations of state law.")

---

[2] The order of the state and federal court filings is not relevant.  *See Wilton*, 515 U.S. at 290 (holding district court did not abuse its discretion in staying federal action for declaratory relief in favor of state action filed several weeks after federal action); *see also Huth*, 298 F.3d at 803 ("In *Wilton*, the Court suggested that the order of filing is legally insignificant . . ..").

Case No. 3:17-cv-00015-WHA                –5–

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### b. Forum Shopping

The second *Brillhart* factor considers whether dismissal would discourage forum shopping. *Chamberlain,* 931 F.2d at 1367. In examining this factor, courts have looked to whether the declaratory relief action could have been filed in state court and could have been "coordinated with [any] pending state court actions." *See Great Am. Assurance v. McCormick*, 2005 WL 3095972, *2 (N.D. Cal. Nov. 15, 2005) (*citing Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997) (overruled on other grounds by *Dizol*, 133 F.3d 1220).

### c. Duplicative Litigation

The third *Brillhart* factor addresses whether dismissal avoids duplicative litigation. *Chamberlain,* 931 F.2d at 1367. When the "factual issues in the underlying state lawsuits parallel the factual issues" underlying the declaratory relief action, this factor militates towards dismissal of the declaratory relief action. *See Catholic Foreign Mission Soc. of Am., Inc.*, 76 F. Supp. 3d at 1160. In evaluating this factor, the "differences in factual and legal issues between the state and federal court proceedings are not dispositive." *Polido*, 110 F.3d at 1423. Rather, the two actions are considered duplicative if there is an "overlap of factual questions between the two actions" and there is an available "procedural vehicle" in state court by which the federal plaintiff may resolve the issues raised in the federal action. *Id*.

### d. Other Relevant Factors

The Ninth Circuit recognized that the *Brillhart* factors are not exhaustive. *Dizol*, 133 F.3d at 1225 n. 5. In *Dizol*, the Ninth Circuit suggested that district courts also consider:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.*; *see Catholic Foreign Mission Soc. of Am., Inc.*, 76 F. Supp. 3d at 1160.

## II. All Three *Brillhart* Factors Weigh in Favor of Dismissal

Fetch is requesting declaratory relief in federal court while a parallel a suit is pending in state court which involves the same issues of fact and application of the same state law.

Accordingly, there exists a presumption that this entire suit should be heard in state court. Applying the *Brillhart* factors, Fetch fails to overcome this presumption because all of the factors weigh in favor of dismissal.

### A. The Dec Relief Action Involves Needless Determination of State Law Issues

The Dec Relief Action seeks declaratory relief based on the parties' respective duties and obligations under their various agreements. Dkt. No. 1, ¶¶ 56, 62. The agreements specify that they are to be interpreted pursuant to California law. Dkt. No. 2, Ex. B, ¶ 11.16. Indeed, Fetch alleges that this Court has subject matter jurisdiction based on diversity, not based on federal question. Dkt. No. 1, ¶ 7. Thus, this factor favors dismissal. *See Marentes*, 2015 WL 6955012, at *4 (holding that this factor favored dismissal because the issues presented in the case centered solely on disputes over California law).

### B. The Dec Relief Action Represents Forum Shopping

Fetch could have simply declined to file the Dec Relief Action and chosen to litigate the same issues in the State Court Action. Or, if Fetch wished to bring affirmative claims for declaratory relief in state court, it could have done that as well, and indeed this option is still available to Fetch. Instead, Fetch chose to seek declaratory relief in federal court. This is textbook forum shopping under *Brillhart* and its progeny, and this factor therefore weighs in favor of dismissal. *See Marentes*, 2015 WL 6955012, at *6 (holding that this factor favored dismissal because the plaintiff could have pursued its declaratory relief action in state court: "California law in fact provides a declaratory relief cause of action similar to the federal cause of action for declaratory relief.").

### C. The Dec Relief Action is Duplicative of the State Court Action

As described above, the Dec Relief Action involves identical questions of fact and law to Uber's parallel state court complaint against Fetch. Both complaints seek a determination of the parties' respective rights under the applicable agreements. Uber's state court complaint contends that Fetch breached its obligations under the agreements, while Fetch's federal court complaint seeks the opposite determination. Thus, the Dec Relief Action is duplicative, superfluous, and would waste both the parties' and this Court's time.

Indeed, in a recent motion to stay the State Court Action, Fetch admitted that "Uber's Cross-Complaint in the present action . . . , Ex. E, covers the same contractual subject matter as the [Dec Relief Action]." Fetch's Demurrer to State Court Action (filed Jan. 8, 2017) at 4. And in fact the State Court Action covers far more than the Dec Relief Action, including claims for damages and numerous tort claims. The State Court Action also includes Uber's claims against Phunware, which could not be brought in federal court because Uber and Phunware are not diverse. Thus, as the case is now postured, it can only be litigated in state court. It would therefore be far more efficient, and ensure that the parties are accorded complete relief, to proceed in the State Court Action rather than the Dec Relief Action. This factor weighs heavily in favor of dismissal.

### III. Other Relevant Factors Also Support Dismissal of this Action

All of the additional considerations that the Ninth Circuit enunciated in *Dizol* also weigh in favor of dismissal. *See Catholic Foreign Mission Soc. of Am., Inc*, 76 F. Supp. 3d at 1160 (analyzing additional *Dizol* factors). Proceeding with this lawsuit will serve no useful purpose due to the presence of the State Court Action. This lawsuit will result in duplicative and piecemeal litigation, and thus will not result in an efficient allocation of judicial resources, particularly given that the State Court Action is far broader than this lawsuit, encompassing almost 20 additional causes of action, claims for money damages, and an additional party, Phunware. The State Court Action will decide the only issues presented by Fetch's complaint in this action – Fetch's obligations under the parties' services agreements – while this action will not resolve the damages issues raised in the State Court Action, or the additional tort claims  Further, parallel proceedings in state and federal court could result in inconsistent rulings, as this Court could interpret Fetch's responsibility differently than the state court, resulting in entanglement between the federal and state court systems. Finally, because Phunware would not agree that discovery in the State Court Action could be used in the prior Federal Action (and presumably also this action), maintaining this action would create an additional unnecessary burden on the parties. Shively Decl., ¶ 4.

### IV. Alternatively, the Court Should Stay Fetch's Federal Action Pending Resolution of the State Court Action

This Court has discretion to either stay or dismiss Fetch's complaint for declaratory relief. *See Wilton*, 515 U.S. at 288. District courts frequently dismiss federal declaratory relief actions when parallel state court actions exist. *See Marentes,* 2015 WL 6955012, at *8 (dismissing federal declaratory relief action because there was a parallel state court action); *Medmarc Ins. Co.*, 2003 WL 21018205, at *4 (dismissing federal declaratory relief action since there was a parallel state court action); *Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1179 (E.D. Cal. 2013) (dismissing federal declaratory relief action when there was a parallel state court action).

However, should this court find that dismissal is inappropriate, it has the discretion to stay the Dec Relief Action pending resolution of the State Court Action. *See Tokio Marine Speciality Ins. Co. v. Thompson Brooks, Inc.*, 252 F. Supp. 3d 753, 764 (N.D. Cal. 2017) (staying federal declaratory relief action pending resolution of the state court action); *Google, Inc.*, 415 F. Supp. 2d at 1025–26 (staying federal declaratory relief action since there was a parallel action in state court).

As such, if this Court declines to dismiss the Dec Relief Action in favor of the pending State Court Action, Uber respectfully requests that this Court instead exercise its discretion to stay this action pending resolution of the State Court Action.

### **CONCLUSION**

Each of the factors supporting dismissal of declaratory relief actions weighs in favor of dismissal of this action. Proceeding with this action would waste judicial resources and impede the efficient resolution of the parties' dispute. For all of the foregoing reasons, Uber respectfully request that this Court dismiss or, alternatively stay, this federal declaratory action in favor of the State Court Action.

DATED: January 10, 2018         REED SMITH LLP

By: /s/ Ashley L. Shively
    Ashley L. Shively
    Attorneys for Defendant
    UBER TECHNOLOGIES, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 3:17-cv-00015-WHA         –9–