1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Harry A. Olivar, Jr. (Bar No. 143089)
2   harryolivar@quinnemanuel.com
    David Elihu (Bar No. 303043)
3   davidelihu@quinnemanuel.com
    Alyssa L. Greenberg (Bar No. 305705)
4   alygreenberg@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:     (213) 443-3000
6  Facsimile:     (213) 443-3100

7  *Attorneys for Plaintiff*
   *Fetch Media, Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FETCH MEDIA, LTD., | CASE NO. 3:18-cv-00015-WHA |
| Plaintiff, | **FETCH MEDIA, LTD.'S OPPOSITION TO UBER TECHNOLOGIES, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, FETCH'S ACTION FOR DECLARATORY RELIEF** |
| vs. | |
| UBER TECHNOLOGIES, INC., | Judge: Hon. William H. Alsup |
| Defendant. | Hearing Date: February 15, 2018<br>Hearing Time: 8:00 a.m.<br>Courtroom: Courtroom 12, 19th Floor |
| | Trial Date: None Set |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

I. STATEMENT OF RELEVANT FACTS ......................................................................2

    A. Uber's and Fetch's Contract for Mobile Advertising Services and Uber's Nonpayment of Bills ...........................................................................................2

    B. Uber's Assertion of Claims Against Fetch in Federal Court and Duplicative Filing of Cross-Claims in State Court ................................................................3

    C. Uber's Maintenance of Parallel Actions in Federal and State Court and Subsequent Attempt to Abandon Its Federal Claims ........................................3

    D. Fetch's Federal Filing Seeking Determination of the Key Contract Issues ...............4

II. LEGAL STANDARD ....................................................................................................4

III. UBER'S FORUM-SHOPPING WEIGHS HEAVILY IN FAVOR OF DENYING ITS MOTION TO DISMISS OR STAY ...............................................................................5

IV. EFFICIENCY-RELATED CONSIDERATIONS ALSO WEIGH HEAVILY IN FAVOR OF DENYING UBER'S MOTION ................................................................7

    A. The Declaratory Relief Action Will Resolve the Key Contract Issues ......................7

    B. The Requested Contract Interpretation Does Not Involve Unsettled or Complex Questions of State Law .......................................................................8

    C. The Declaratory Relief Action Will Not Require Duplicative Litigation .................9

    D. The Declaratory Relief Action Will Not Cause Inconsistent Rulings Between Federal and State Courts ...................................................................................10

V. UBER WILL NOT BE INCONVENIENCED BY HAVING TO LITIGATE IN THIS COURT, ITS FIRST CHOICE OF FORUM ................................................................10

VI. THIS ACTION WILL NOT GIVE FETCH AN UNFAIR RES JUDICATA ADVANTAGE ..............................................................................................................11

VII. DISMISSAL IS INAPPROPRIATE; AT MOST, ANY ABSTENTION SHOULD RESULT IN A TEMPORARY STAY ..........................................................................11

VIII. CONCLUSION ............................................................................................................11

**TABLE OF AUTHORITIES**

**Page**

CASES

*AIX Specialty Ins. Co. v. FerraTex, Inc.*,
  No. C 16-01023 SBA, 2017 WL 4856869 (N.D. Cal. June 9, 2017) .................................. 10

*Allen v. Atalanta Corp.*,
  No. CVF05651RECSMS, 2005 WL 2089840 (E.D. Cal. Aug. 29, 2005) ........................... 6

*Am. Cas. Co. v. Krieger*,
  181 F.3d 1113 (9th Cir. 1999) .......................................................................................... 6

*Am. States Ins. Co. v. Kearns*,
  15 F.3d 142 (9th Cir. 1994) .............................................................................................. 4

*Atl. Marine Const. Co. v. U.S. Dist. Court*,
  134 S. Ct. 568 (2013) ..................................................................................................... 10

*Bitter v. Windsor Sec., LLC*,
  No. 13-CV-05022-WHO, 2014 WL 1411219 (N.D. Cal. Apr. 11, 2014) ......................... 8

*Brillhart v. Excess Ins. Co.*,
  316 U.S. 491 (1942) .......................................................................................................... 4

*Century Sur. Co. v. Byal*,
  No. C 10-03917 WHA, 2011 WL 2550832 (N.D. Cal. June 27, 2011) ......................... 5, 8

*Chamberlain v. Allstate Ins. Co.*,
  931 F.2d 1361 (9th Cir. 1991) .......................................................................................... 4

*Chartsis Specialty Ins. Co. v. Tel. Hill Properties, Inc.*,
  No. C 11-05696-RS, 2013 WL 1629173 (N.D. Cal. Apr. 16, 2013) ............................. 6, 9

*Evanston Ins. Co. v. Workland & Witherspoon, PLLC*,
  No. 2:14-CV-193-RMP, 2014 WL 4715879 (E.D. Wash. Sept. 22, 2014) ...................... 6

*Gen. Elec. Capital Corp. v. Banc of California*,
  No. CV1404121SJOPJWX, 2014 WL 12696353 (C.D. Cal. Sept. 24, 2014) .................. 8

*Golden Eagle Ins. Corp. v. Drain Doctor Inc.*,
  No. 14-CV-03242-LHK, 2015 WL 1229323 (N.D. Cal. Mar. 17, 2015) ....................... 11

*Gov't Emps. Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) ...................................................................................... 4, 7

*Hanover Ins. Co. v. Paul M. Zagaris, Inc.*,
  No. C 16-01099 WHA, 2016 WL 3443387 (N.D. Cal. June 23, 2016) ..................... passim

*Hensel Phelps Constr. Co. v. TIG Ins. Co.*,
  No. CV1105454JGBPLAX, 2013 WL 12137101 (C.D. Cal. Oct. 29, 2013) ............... 8, 11

*Landmark Am. Ins. Co. v. Angotti & Reilly, Inc.*,
    No. CV 10-3687 WHA, 2011 WL 2429369 (N.D. Cal. June 13, 2011) ............................... 5

*Markel Serv. Inc. v. Atain Specialty Ins. Co.*,
    No. 16-CV-04304-LHK, 2016 WL 6644395 (N.D. Cal. Nov. 10, 2016) ............................ 5

*One Beacon Ins. Co. v. Prometheus Real Estate Grp., Inc.*,
    No. C 07-01779 WHA, 2007 WL 2318925 (N.D. Cal. Aug. 13, 2007) ....................... 9, 10

*Scottsdale Ins. Co. v. Kaplan Family Tr.*,
    No. C 15-00538 WHA, 2015 WL 3465755 (N.D. Cal. June 1, 2015) ................................. 4

*Standard Fire Ins. Co. v. Olsen*,
    No. CV 10-00056 JF PVT, 2010 WL 1689444 (N.D. Cal. Apr. 26, 2010) ....................... 11

*United Fin. Cas. Co. v. J.M.L.*,
    No. 2:16-CV-02098 LEK, 2017 WL 5466994 (E.D. Cal. Nov. 14, 2017) .......................... 5

*United States v. State of Wash.*,
    759 F.2d 1353 (9th Cir. 1985) ........................................................................................... 7

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ................................................................................................... 4, 11

**PRELIMINARY STATEMENT**

Try as it might to avoid any federal court ruling on its dispute with Fetch, Uber should be held to its (first) choice of forum. The dispute involves digital mobile advertising services that Fetch arranged for Uber using third party suppliers. For years, Uber was more than pleased with Fetch's work, then Uber tried to avoid paying invoices by making up a contractual obligation on the part of Fetch to prevent "ad fraud" by others. Uber first sued Fetch in this Court, then maintained duplicative claims in federal and state court for a while, and then as events developed, tried to flee federal court entirely. To address Uber's forum shopping, Fetch filed a declaratory relief action seeking key contract rulings in this Court. Deterrence of forum-shopping, efficiency, and other relevant considerations weigh against abstention by this Court in the declaratory relief action Fetch has filed.

Uber's motion maintains Fetch's action must automatically be dismissed because there is a related dispute pending that involves Fetch and Uber in state court. But Uber glosses over material facts and law: critically, Uber is now trying mightily to avoid this Court, which was its first choice of forum. Uber first sought federal resolution of its dispute with Fetch, suing Fetch in this Court and asserting ten causes of action. When Uber was subsequently sued by a third party in a collection action in state court, Uber used that opportunity to duplicate its then-pending federal claims, cross-claiming and filing duplicative claims against Fetch in state court. Uber played both sides of the fence for a while, leaving its duplicate claims pending in both state and federal court for more than a month. But after a federal judge was assigned, after the parties held a Rule 26(f) conference, and after it put Fetch to the expense of filing a Rule 12(b)(6) motion, Uber suddenly filed a dismissal seeking to avoid any federal court rulings and pursue its claims in state court alone. To address Uber's forum-shopping, Fetch filed the present declaratory judgment action, seeking this Court's assistance in resolving the key contractual issues and in debunking Uber's incorrect theories about Fetch's obligations under the contract.

Under case law Uber neglects to cite, Uber's forum-shopping is a reason to deny its motion; courts addressing whether declaratory relief actions should proceed agree that forum shopping should not be rewarded. And there are other reasons for allowing Fetch's claims to proceed in this Court. Fetch's declaratory relief claims will resolve the key contractual issues between the parties, and seek

rejection of the made-up term Uber seeks to add to the contract (that Fetch had an obligation to police and halt ad fraud by dozens of third parties).  Resolution of these key contract issues will avoid the need for protracted, and perhaps any, litigation in state court.  There should be no risk of inconsistent rulings because Fetch has moved to stay the state court action pending resolution of the key contract points and because this Court does not have to resolve the key factual issues unique to the state court action.

Application of the relevant factors, and principally consideration of Uber's obvious forum shopping, confirms that this Court is well within its discretion in allowing Fetch's declaratory judgment action to proceed.  Uber's motion should be denied.

## I.    STATEMENT OF RELEVANT FACTS

### A.    Uber's and Fetch's Contract for Mobile Advertising Services and Uber's Nonpayment of Bills

Fetch is an industry-leading, award-winning mobile advertising agency.  Declaratory Judgment Complaint, Dkt. 1 ¶ 11.  Uber engaged Fetch to create and execute a mobile advertising campaign for Uber between 2015 and 2017 (the "Uber Campaign") pursuant to a Services Agreement and other related agreements (together, the "Agreement").  *Id.* ¶ 15.  Fetch and Uber worked well together and Uber was pleased with the quality of Fetch's work, giving Fetch a perfect performance rating in the second half of 2016.  *Id.* ¶¶ 26, 30.

The parties' Agreement does not impose on Fetch the obligation to police or otherwise prevent ad fraud (in other words, a phenomenon where an advertising supplier seeks credit for installations of an application that actually are attributable to other media sources, or otherwise are not the result of actual clicks by human beings on the supplier's advertising) by the dozens of third-party suppliers that provided advertising for Uber.  *Id.* ¶¶ 2, 23, 27-29.  In fact, during the Uber Campaign, Uber and Fetch discussed the risk of ad fraud and how Uber could monitor or minimize it.  *Id.* ¶¶ 2, 31, 37-39.  Uber was aware of ad fraud in the mobile advertising space, and even raised the possibility of paying Fetch more to help Uber minimize ad fraud, but the parties never finalized those discussions and Uber never paid more to impose such duties on Fetch.  *Id.* ¶¶ 2, 29, 40.

Instead, in January 2017, a new team at Uber took over the relationship, Uber suddenly

stopped paying its advertising bills, and Uber claimed for the first time that Fetch had had a duty to police and prevent ad fraud in the advertising of Uber's third party suppliers. *Id.* ¶¶ 3, 42-46.

### B. Uber's Assertion of Claims Against Fetch in Federal Court and Duplicative Filing of Cross-Claims in State Court

On September 18, 2017, Uber sued Fetch in federal court (this Court) for breach of contract and nine statutory and tort claims, alleging that Fetch had failed to prevent ad fraud in the mobile advertising provided by Uber's suppliers. Ex. A.[1] On September 26, 2017, one of Uber's suppliers, Phunware Inc. ("Phunware"), filed a collection action against Uber in California state court, *Phunware, Inc. v. Uber Techs., Inc.*, Case No. CGC-17-561546 (Cal. Sup. Ct.), alleging that Uber had failed to pay Phunware for advertising services it had provided. Ex. B. On November 13, 2017, Uber filed a cross-complaint in the state court action, asserting cross-claims against Phunware and adding Fetch as a third-party defendant. Ex. C. Uber's state court cross-claims against Fetch were copied straight from its claims then-pending in federal court. Mot. at 2:22-23 (conceding that Uber "asserted the same causes of action against Fetch in state court as it did in the Federal Action.").

### C. Uber's Maintenance of Parallel Actions in Federal and State Court and Subsequent Attempt to Abandon Its Federal Claims

Uber did not withdraw its federal claims after filing its duplicative state court cross-complaint, and let its duplicate claims remain pending in state and federal court for over a month. *See* Dkt. 1 ¶¶ 48-49.

Given Uber's duplicative filings, Fetch asked Uber's counsel on November 20, 2017 whether Uber would agree to a temporary stay of its duplicative state court claims pending this Court's decision on a Fetch motion to dismiss Uber's tort and statutory theories. Elihu Decl. ¶ 5, Ex. D. On November 28, 2017, Uber's counsel declined to stay the state court action, indicating that it wanted to push forward in both courts. *Id.* ¶ 6, Ex. E. Fetch repeated its request for a state court stay in early December 2017, but Uber never responded to that request. *Id.* ¶ 7. Fetch and Phunware filed a joint motion to stay in state court on December 18, 2017. *Id.* ¶ 9.

---

[1] "Ex. __" refer to the exhibits attached to the Declaration of David M. Elihu, filed concurrently herewith.

1    In the meantime, the federal case was assigned to a judge (The Hon. Yvonne Gonzales Rogers) on December 7, 2017, Uber put Fetch the expense of filing a Rule 12(b)(6) motion to dismiss on December 18, 2017, and the parties prepared for and held their Fed. R. Civ. P. 26(f) conference on December 20, 2017 in anticipation of a January 8, 2018 case management conference.  *Id.* ¶¶ 8-10; Dkt. 1 ¶ 48.  On December 22, 2017, Uber, without prior notice to Fetch, filed a notice of voluntary dismissal of the federal action.  Elihu Decl. ¶ 11; Dkt. 1 ¶ 50.  That same day, Uber wrote to Phunware and Fetch indicating that it now preferred to litigate its dispute with Fetch exclusively in state court. Elihu Decl. ¶ 11, Ex. F; Dkt. 1 ¶ 50.

### D. Fetch's Federal Filing Seeking Determination of the Key Contract Issues

To address Uber's forum shopping, Fetch filed its own federal declaratory relief complaint on January 2, 2018, seeking determinations that: (1) Fetch was not contractually obligated to police the advertising of Uber's suppliers for ad fraud or prevent ad fraud, and did not represent to Uber that others' advertising would be fraud free; and (2) Uber had no basis to fail to pay Fetch and third-party suppliers for services performed in 2017.  Dkt. 1 ¶¶ 52-62.

On January 8, 2018, Fetch and Phunware again jointly moved to stay the state court action. Elihu Decl. ¶ 13, Ex. G.  The motion to stay will be heard in state court on February 7, 2018.  *Id.* ¶ 14.

## II. LEGAL STANDARD

"There is no presumption in favor of abstention in declaratory actions generally." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc); *see also Scottsdale Ins. Co. v. Kaplan Family Tr.*, No. C 15-00538 WHA, 2015 WL 3465755, at *3 (N.D. Cal. June 1, 2015) (Alsup, J.). "[D]istrict courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  "The pendency of a state court action . . . does not of itself require a district court to refuse declaratory relief in federal court"; a court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991).

On motions to dismiss or stay declaratory judgment actions, courts in this District consider three factors from *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942) and additional factors from *Am. States Ins. Co. v. Kearns*, 15 F.3d 142 (9th Cir. 1994) in evaluating whether to retain jurisdiction.

*Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 WL 3443387, at *3 (N.D. Cal. June 23, 2016) (Alsup, J.). "The *Brillhart* factors include avoiding duplicative litigation, avoiding needless determination of state law issues, and avoiding forum shopping." *Id*. The *Kearns* factors include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of the declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.* None of the factors is "necessarily dispositive," *Markel Serv. Inc. v. Atain Specialty Ins. Co.*, No. 16-CV-04304-LHK, 2016 WL 6644395, at *3 (N.D. Cal. Nov. 10, 2016), and "some factors can be given additional weight if appropriate under the facts of the case," *United Fin. Cas. Co. v. J.M.L.*, No. 2:16-CV-02098 LEK, 2017 WL 5466994, at *5 (E.D. Cal. Nov. 14, 2017).

### III. UBER'S FORUM-SHOPPING WEIGHS HEAVILY IN FAVOR OF DENYING ITS MOTION TO DISMISS OR STAY

After forum-shopping and seeing the writing on the wall in federal court, Uber is now trying to proceed in state court. The *Brillhart* forum-shopping factor weighs heavily in favor of denying Uber's motion.

Forum shopping of course exists where the same party files the same claims in both state and federal court, tries to get a sense of which one will turn out better, and then opts for one forum over the other. *Century Sur. Co. v. Byal*, No. C 10-03917 WHA, 2011 WL 2550832, at *3 (N.D. Cal. June 27, 2011) (Alsup, J.) ("Forum shopping exists if a party files an action in one forum, and then files the same action in a different forum."); *Landmark Am. Ins. Co. v. Angotti & Reilly, Inc.*, No. CV 10-3687 WHA, 2011 WL 2429369, at *4 (N.D. Cal. June 13, 2011) (Alsup, J.). Uber's motion mischaracterizes the relevant forum-shopping analysis under *Brillhart*, inexplicably alleging that Fetch (not Uber) has engaged in forum-shopping.

Uber is the party that initiated and maintained duplicative sets of claims in state and federal court. After filing exactly the same claims against Fetch, first in federal court, then in state court, Uber kept the duplicative sets of claims alive for more than a month, waited for judge assignment

here, conducted a Rule 26(f) conference here, waited for motion filings in both courts, and then sought to flee the federal forum. Uber's Motion concedes as much, admitting that Uber sued Fetch in state court "just as [it] had done in the Federal Action," and "asserted the same causes of action against Fetch in state court as it did in the Federal Action." Mot. at 2:22-23.

Where the defendant in a declaratory judgment action is the one who is forum-shopping, courts have avoided rewarding the forum-shopper. *See Am. Cas. Co. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999) (affirming district court decision not to dismiss the declaratory judgment action where "the *defendants* were the major offenders" of forum shopping) (emphasis in original); *Chartsis Specialty Ins. Co. v. Tel. Hill Properties, Inc.*, No. C 11-05696-RS, 2013 WL 1629173, at *5 (N.D. Cal. Apr. 16, 2013) (denying motion to dismiss declaratory judgment action where there is a "countervailing 'forum shopping' consideration . . . of preventing the Defendants . . . from wiping the slate clean and starting this litigation anew"). And although the present declaratory relief action was filed after the state court action, Uber's claims were filed first in federal court, not state court. *See* Mot. at 5 n.2 (maintaining "[t]he order of the state and federal court filings is not relevant"); *Evanston Ins. Co. v. Workland & Witherspoon, PLLC*, No. 2:14-CV-193-RMP, 2014 WL 4715879, at *6 (E.D. Wash. Sept. 22, 2014) ("[M]erely filing a lawsuit shortly after the institution of related proceedings in another court does not constitute impermissible 'reactive litigation.'").

Uber notes that Fetch could have filed its action for declaratory relief in state court, Mot. at 7:14-16, but that is beside the point. Because the declaratory relief action was filed to address Uber's forum-shopping and attempt to flee this Court, that Fetch could have filed its declaratory relief claims elsewhere should be afforded little weight. *See Chartsis*, 2013 WL 1629173, at *5 ("While the state court could afford the same remedy that [Plaintiff] seeks here, a declaratory judgment, exercising jurisdiction over this action does not encourage forum shopping."); *see also Allen v. Atalanta Corp.*, No. CVF05651RECSMS, 2005 WL 2089840, at *7-8 (E.D. Cal. Aug. 29, 2005).

Further, Fetch's right to have claims over which there is diversity jurisdiction heard in federal court, Uber's initial choice of forum, is protected by the constitution and is not forum shopping. *Hanover*, 2016 WL 3443387, at *4 ("Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the

congressional statute implementing Article III."). The *Brillhart* forum-shopping factor weighs squarely against Uber, and in favor of this Court's exercise of jurisdiction.

## IV. EFFICIENCY-RELATED CONSIDERATIONS ALSO WEIGH HEAVILY IN FAVOR OF DENYING UBER'S MOTION

Uber's argument focuses largely on an incorrect application of the efficiency-related *Brillhart* and *Kearns* factors, suggesting that this declaratory judgment action will materially duplicate proceedings in the state court action. Mot. at 6:27-7:11, 7:22-8:25. To the contrary, even apart from considerations raised by Uber's forum-shopping, the declaratory relief sought here can be expedited and will be immensely valuable in clarifying Fetch's and Uber's respective contractual obligations, will not require the Court to resolve the key disputed factual issues in the state court case or any complex questions of state law, and is unlikely to result in any tension or inconsistency with state court rulings. The efficiency factors, taken together, further support denial of Uber's motion.

### A. The Declaratory Relief Action Will Resolve the Key Contract Issues

When ruling on a motion to dismiss a declaratory judgment action, courts in the Ninth Circuit consider whether the requested ruling "will serve a useful purpose in clarifying the legal relations at issue." *Dizol*, 133 F.3d at 1225 n.5. "A declaratory judgment need not resolve all the issues in controversy, as long as it resolves a significant disputed issue." *United States v. State of Wash.*, 759 F.2d 1353, 1364 (9th Cir. 1985).

The declaratory relief sought by Fetch will materially advance the dispute between Fetch and Uber by resolving the key questions regarding the parties' obligations under their Agreement. The two key issues in Uber's dispute with Fetch – whether Fetch had a duty to police and prevent ad fraud by Uber's suppliers and whether Uber can withhold payment on that basis – will be resolved in this action. A ruling on these issues will be of substantial help in resolving the state court dispute, and could potentially eliminate Uber's claims against Fetch.[2]

Courts in this District have denied motions to dismiss in similar situations. For example, in

---

[2] Non-party Phunware, who initiated the state court action, has joined Fetch's motion to stay the state court action (including its own offensive claims) in favor of this case, confirming that it too believes that resolution of the key contract disputes between Uber and Fetch will streamline the state court action.

*Bitter v. Windsor Sec., LLC*, the court denied a motion to dismiss where the federal action would resolve the dispute between the parties, and would determine whether the plaintiff had breached the parties' agreement. No. 13-CV-05022-WHO, 2014 WL 1411219, at *6 (N.D. Cal. Apr. 11, 2014). It did not matter that there was a pending state court action that "deal[t] with similar subject matter." *Id.* Similarly, in *Century Surety*, this Court denied a motion to dismiss where the insurer sought a determination of coverage liability with respect to an insured, because a declaratory judgment ruling would help clarify payment responsibilities between the parties. 2011 WL 2550832, at *4.

If Uber truly were interested in effective judicial resolution of its dispute with Fetch (as opposed to forum-shopping), it would welcome this Court's orderly resolution of the issues in Fetch's declaratory relief action, which likely will provide clarity on the key issues sooner than would occur in the state court case. As opposed to the state court action, where Uber appears intent on using the fourteen cross-claims it has asserted to engage in protracted litigation and conduct expansive discovery to fend off collection of $3 million it owes to Phunware, Fetch respectfully submits that the claims in this action can be resolved expeditiously. Elihu Decl. ¶ 12. This *Kearns* factor weighs against abstention.

### B. The Requested Contract Interpretation Does Not Involve Unsettled or Complex Questions of State Law

Uber contends that Fetch's declaratory judgment action would require the Court to determine issues of state law, Mot. at 7:4-11, but fails to mention that the state law issues involved are not complicated. Fetch's complaint asks the Court to determine only whether the parties' contract (1) requires Fetch to police or prevent fraud and (2) affords Uber the right not to pay what it owes based on its "duty to police" theory. These are run-of-the-mill contract interpretation issues that are not complex, novel, or unsettled, and this *Brillhart* factor thus does not weigh in favor of a stay or dismissal. *See Hanover*, 2016 WL 3443387, at *4 (denying motion to dismiss or stay where state law issues were not "particularly complex or novel"); *Gen. Elec. Capital Corp. v. Banc of California*, No. CV1404121SJOPJWX, 2014 WL 12696353, at *4 (C.D. Cal. Sept. 24, 2014) (denying motion to dismiss where state law issues were not "doubtful," "unsettled," or "complex"); *see also Hensel Phelps Constr. Co. v. TIG Ins. Co.*, No. CV1105454JGBPLAX, 2013 WL 12137101, at *5 (C.D. Cal.

Oct. 29, 2013) ("The present case involves basic contract interpretation, which is well settled and favors retaining jurisdiction").

### C. The Declaratory Relief Action Will Not Require Duplicative Litigation

Uber has also not shown that Fetch's federal action, filed to address *Uber's* duplicative filings and forum-shopping, "invites unnecessary, duplicative litigation." *Hanover* 2016 WL 3443387, at *3. This *Brillhart* factor weighs in favor of denying Uber's motion.

Although there are of course similarities between the state and federal actions, given the context in which this action was filed, the declaratory relief claims do not require the parties to litigate, or the Court to resolve, Phunware's collection allegations or Uber's complaints about advertising and "ad fraud" in the state court complaint. *See id.* at *3 (finding the duplicative litigation factor weighs against abstention where the declaratory relief "turns on an interpretation of the insurance policy" and "does not turn on the truth of the allegations in the underlying action"); *Chartsis*, 2013 WL 1629173, at *5 (denying motion to dismiss where the state court action "turns on an analysis of facts surrounding the financing . . . and the sale of" the property at issue, whereas the federal declaratory action "must interpret the . . . insurance policy in light of uncontested facts, such as the content of the . . . operating agreement."); *One Beacon Ins. Co. v. Prometheus Real Estate Grp., Inc.*, No. C 07-01779 WHA, 2007 WL 2318925, at *4 (N.D. Cal. Aug. 13, 2007) ("Defendant can present evidence that the underlying complaint's allegations are covered under the insurance policy without admitting that any of these underlying allegations are true. The two actions will therefore not be duplicative of the same issues. The third *Brillhart* factor therefore weighs against abstention.").

In state court, Phunware has sued Uber for not paying its bills, and Uber has sued Phunware and Fetch, alleging "ad fraud" and that Fetch did not adequately police the mobile advertising of Uber's suppliers. Exs. B, C. The specifics of these state court factual questions will not need to be resolved here. Fetch's complaint here does not seek a declaration regarding the quality or presence of "ad fraud" in any supplier's advertising, or a declaration regarding whether Fetch did or did not perform under the Agreement. Instead, Fetch seeks a declaration regarding its contractual duties, and regarding the lack of contractual bases for Uber to withhold payments. Dkt. 1 ¶¶ 52-62. Although Uber alleges that this Court would have to resolve "identical questions of fact and law" as the state

-9-   Case No. 3:18-cv-00015-WHA
FETCH'S OPPOSITION TO UBER'S MOTION TO DISMISS OR STAY

court, Mot. at 7:23, it "fail[s] to explain *how or why* this [action] will necessitate such a determination." *AIX Specialty Ins. Co. v. FerraTex, Inc.*, No. C 16-01023 SBA, 2017 WL 4856869, at *5 (N.D. Cal. June 9, 2017) (emphasis in original).

Because the present action "does not turn on the truth of the allegations in the" state action, the two cases are not sufficiently duplicative under *Brillhart* for this factor to weigh in favor of Uber. *Hanover*, 2016 WL 3443387, at *3; *see also One Beacon*, 2007 WL 2318925, at *3 (duplicative litigation factor weighs against abstention where "[t]he complaint in the underlying action addresses violations of . . . state law" and the declaratory action sought to address "the separate issue of whether or not defendant's insurance policy covers" violations of that law).

### D. The Declaratory Relief Action Will Not Cause Inconsistent Rulings Between Federal and State Courts

Fetch has filed a motion to stay the state court action pending this Court's resolution of the key contract issues. Ex. G. If that stay is granted, there will be no risk of inconsistent rulings or entanglement between the federal and state courts. And even if the stay is not granted, any risk of inconsistencies or federal-state court entanglement is low. Because this action seeks to determine Uber's and Fetch's legal obligations as a matter of contract interpretation, Phunware's collection claims and Uber's complaints about particular advertising will not be addressed here; "[t]he issues are sufficiently distinct in the two actions that 'the courts will not be stepping on each other's toes.'" *One Beacon*, 2007 WL 2318925, at *4 (internal citation omitted).

## V. UBER WILL NOT BE INCONVENIENCED BY HAVING TO LITIGATE IN THIS COURT, ITS FIRST CHOICE OF FORUM

It should go without saying that Uber will not be inconvenienced by litigating in the forum it chose originally. *Hanover*, 2016 WL 3443387, at *3 ("[T]he district court might also consider the convenience of the parties"). Uber filed its original complaint in this district and was content to maintain that action for three months while it saw how things were starting to play out. In addition, pursuant to the forum selection clause in the Agreement, the parties agreed to litigate in federal or state court in San Francisco. Elihu Decl. ¶ 15 (citing Dkt. 2-4 at 2). There is no question that this is a convenient forum for Uber. *See Atl. Marine Const. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 582 (2013) ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected

forum as inconvenient."). This *Kearns* factor weighs in favor of denying Uber's motion.

## VI. THIS ACTION WILL NOT GIVE FETCH AN UNFAIR RES JUDICATA ADVANTAGE

Uber's motion should also be denied because this action will not give Fetch any unfair res judicata advantage. *Hanover*, 2016 WL 3443387, at *3 (*Kearns* factor includes "whether the declaratory action is being sought merely for . . . obtain[ing] a 'res judicata' advantage"). Decisions in this action will not unfairly affect Phunware (Uber has not so alleged), and Uber and Fetch, the parties to this action, have every incentive to fully defend their positions. *Hensel Phelps*, 2013 WL 12137101, at *5 (there is no res judicata advantage where "[a]ll of the relevant parties . . . are represented in this lawsuit" and the requested relief will not "affect a subsequent action affecting unnamed parties."). This *Kearns* factor also weighs against dismissal.

## VII. DISMISSAL IS INAPPROPRIATE; AT MOST, ANY ABSTENTION SHOULD RESULT IN A TEMPORARY STAY

As stated above, Fetch believes that the Court is well within its discretion to allow this case to proceed. However, if the Court believes it should abstain, it should at most stay rather than dismiss the action. *Wilton*, 515 U.S. at 288 n.2 ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."). Because the only asserted basis for abstention is the pending state court action, a stay rather than dismissal would ensure that this action can proceed in the event of any issue with the state court action. *Golden Eagle Ins. Corp. v. Drain Doctor Inc.*, No. 14-CV-03242-LHK, 2015 WL 1229323, at *5 (N.D. Cal. Mar. 17, 2015); *Standard Fire Ins. Co. v. Olsen*, No. CV 10-00056 JF PVT, 2010 WL 1689444, at *7 (N.D. Cal. Apr. 26, 2010).

## VIII. CONCLUSION

Uber's motion to dismiss or stay this action should be denied.

1 | DATED: January 24, 2018            Respectfully submitted,

2 |                                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4

5 |                                    By  /s/ Harry A. Olivar, Jr.
  |                                       Harry A. Olivar, Jr.
6 |                                       *Attorneys for Plaintiff Fetch Media, Ltd.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTESTATION

I, David M. Elihu, am the ECF User whose ID and password are being used to file "Fetch Media, Ltd.'s Opposition to Uber Technologies, Inc.'s Motion to Dismiss, or in the Alternative Stay Plaintiff Fetch Media's Complaint for Declaratory Relief." In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Harry A. Olivar, Jr. has concurred in this filing.

DATED: January 24, 2018            */s/ David M. Elihu*
                                                   David M. Elihu