John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
Ashley L. Shively (SBN 264912)
Email: ashively@reedsmith.com
Seth B. Herring (SBN 253907)
Email: sherring@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Randall D. Haimovici (SBN 213635)
Email: rhaimovici@uber.com
Angela B. Johnson (SBN 287421)
Email: angelaj@uber.com
Ariel F. Ruiz (SBN 305488)
Email: ariel.ruiz@uber.com
Uber Technologies, Inc.
1455 Market Street, Floor 4
San Francisco, CA 94103-1355
Telephone: +1 415 533-7652

Attorneys for Defendant
Uber Technologies, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| FETCH MEDIA, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 3:18-cv-00015-WHA<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFF FETCH MEDIA, LTD.'S COMPLAINT FOR DECLARATORY RELIEF**<br><br>Hon William H. Alsup<br><br>Hearing Date: Feb. 15, 2018<br>Hearing Time: 8:00 a.m.<br>Courtroom: Courtroom 12, 19th Floor |

**INTRODUCTION**

Fetch does not deny that 1) this case exclusively involves issues of state law, 2) Fetch filed this case while the State Court Action was already pending, and 3) all of the issues in this case are already before the state court. Thus, by Fetch's own admission, all three *Brillhart* factors weigh in favor of dismissal. Fetch also fails to address the vast majority of the *Dizol* factors, which also support dismissal here.

Instead, Fetch redrafts the *Brillhart* factors by arguing that the state law issues must be "complex" in order to favor dismissal or stay. It also continues to rewrite the record (while ignoring the chronology of events) by asserting that Uber, not Fetch, forum shopped. And, it distorts reality by arguing that resolving the claims in this case first before resolving the remaining state court claims would somehow be more efficient than resolving all claims in a single case. Fetch's arguments contradict the law, the facts, and common sense.

For the reasons stated below and in Uber's motion, the Court should use its discretion to dismiss Fetch's lawsuit as improper under *Brillhart*.

**ARGUMENT**

Fetch does not dispute that because this case involves the same state law disputes as those that are currently at issue the State Court Action, "there exists a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991); *see also Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) ("Courts should generally decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court."). Fetch comes nowhere close to rebutting that presumption.

**A.    The *Brillhart* Factors All Favor Dismissal**

    a.    <u>Fetch Concedes that this Case Involves the Needless Determination of Issues of State Law</u>

Fetch concedes that this case exclusively involves determination of issues of California law. Opposition at 8. As such, this factor favors dismissal. *See* Motion at 5 (citing cases).

–1–

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Fetch nevertheless claims that this factor actually favors denying Uber's motion, grafting a new requirement onto this factor and arguing that the issue of state law must be "complex, novel, or unsettled" to favor dismissal. Opposition at 8. But Fetch fails to cite a single Ninth Circuit case in support of these additional requirements, because none exists.[1] *See, e.g., Dizol*, 133 F.3d at 1223 (omitting any reference to "complex, novel or unsettled" state law under this factor); *see also Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002) (same); *Robsac*, 947 F.2d at 1371 (this factor favored dismissal because "[t]he precise state law issues at stake in the present case are the subject of a parallel proceeding in state court" and "[i]n the federal case, a diversity action, California law provides the rule of decision for all of the substantive questions"; adding that "this case involves insurance law, an area that Congress has expressly left to the states"). Regardless, courts typically dismiss or stay declaratory relief actions where, as here, the state law issue involves contract interpretation. *See, e.g., DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal. 1993) (dismissing declaratory relief action regarding the enforceability of a covenant not to compete, which would involve "making needless decisions of state law"); *Schmitt v. JD Edwards World Solutions Co.*, No. C 01–1009, 2001 WL 590039, at *1 (N.D. Cal. 2001) (dismissing declaratory relief action in favor of state court action for breach of contract); *Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1025-26 (N.D. Cal. 2005) (staying declaratory judgement action regarding breach of contract); *Standard Fire Ins. Co. v. Olsen*, No. CV 10-00056 JF PVT, 2010 WL 1689444, at *6 (N.D. Cal. Apr. 26, 2010) (factor favored stay of declaratory judgment action because California state contract law applied). This factor therefore favors dismissal.

---

[1] The district court cases that Fetch cites here are distinguishable. In *Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 WL 3443387, at *4 (N.D. Cal. June 23, 2016), this Court held that this factor did not favor dismissal in part because the cases were not overlapping. The court in *General Electric Capital Corp. v. Banc of California*, No. CV 1404121, 2014 WL 12696353, at *4 (C.D. Cal. Sept. 24, 2014) did not cite any authority supporting its insertion of "complex" into this factor, and likewise did not involve a parallel state court proceeding as is present here. And *Hensel Phelps Construction Co. v. TIG Ins. Co.*, No. CV1105454, 2013 WL 12137101 (C.D. Cal. Oct. 29, 2013) also does not involve a parallel state court proceeding, and also does not cite to any appellate authority supporting this additional requirement.

Case No. 3:18-cv-00015-WHA –2–

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### b. Fetch Concedes that it Could Have Filed its Claims in the Pending State Court Action

In examining the "forum shopping" *Brillhart* factor, courts simply ask whether the declaratory relief action could have been filed in state court or "coordinated with [any] pending state court actions." *See Great Am. Assurance v. McCormick*, 2005 WL 3095972, *2 (N.D. Cal. Nov. 15, 2005) (citing *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997). The answer here is yes. The contract issues underlying Fetch's claims are already before the state court, and Fetch is free to bring its declaratory relief claims in state court if it wishes.

The "defensive or reactive" nature of Fetch's declaratory relief action also indicates forum shopping. *Robsac.*, 947 F.2d at 1371. This, too, supports dismissal. Indeed, the Ninth Circuit has held that filing a declaratory judgment action during the pendency of a non-removable state court action presenting the same issues of state law "is an archetype of what we have termed 'reactive' litigation" sufficient to find forum shopping. *Id.* at 1372. Fetch's reactive declaratory relief lawsuit here is no different.

Acknowledging it could have brought its claims in state court, Fetch attempts to shift the focus to Uber, making the illogical argument that Fetch brought this case in federal court despite the pendency of the State Court Action "to address Uber's forum shopping." Opposition at 1, 4, 6, 9. Fetch further declares that Uber "attempt[ed] to flee this Court," and dismissed the prior Federal Action because it saw "the writing on the wall in federal court." Opposition at 5, 6. Fetch's accusations are unfounded. Indeed, Uber at all times acted consistently with its goal of resolving its claims as fully and efficiently as possible.

Uber originally filed suit against Fetch in federal court due to the diversity of the parties and amount in controversy. Phunware then filed suit against Uber in state court, seeking payment that Uber withheld from Fetch (which was, in turn, withheld from Phunware) due to Fetch's breach of contract and other wrongdoing. And because Uber's nonpayment to Phunware was predicated on Fetch's wrongful conduct towards Uber, Uber filed a third party cross-complaint against Fetch in state court in addition to its cross-complaint against Phunware. *See Countrywide Home Loans, Inc. v. Superior Court*, 69 Cal. App. 4th 785, 792–93 (1999) (citing Cal. Civ. Proc. Code § 389(a))

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(joinder compulsory where third party has an interest in the action and its absence would impair its ability to protect that interest).  Only then was there significant overlap between the initial Federal Action and the State Court Action.  Uber wished to eliminate that overlap and avoid duplicative litigation, so it voluntarily dismissed the Federal Action.  Prior to this dismissal, and contrary to Fetch's claim that the "writing was on the wall" in that case, the court had yet to issue a single substantive ruling.  Likewise, Uber did not dismiss to avoid Judge Gonzalez Rodgers.  Indeed, Uber filed a notice of non-opposition in this case in response to Fetch's motion to relate it to the original Federal Action, in which Fetch sought to have the case assigned to Judge Gonzalez Rodgers. Dkt. No. 19.  And it made practical sense for Uber to dismiss the Federal Action and allow the State Court Action to proceed, as Uber could not have added Phunware to the Federal Action because that would have destroyed diversity.  The only court that could resolve all issues between all parties was the state court.

Once Uber dismissed the initial Federal Action, the State Court Action was the only action pending between the parties.  That action includes all of Uber's tort and contract claims against both Fetch and Phunware, all of Phunware's claims against Uber, and claims for damages brought by both Uber and Phunware.  But rather than simply proceed with the State Court Action – which, again, will fully resolve all issues between Uber and Fetch – Fetch decided to file this case.  That decision makes little sense unless designed to manipulate venue to Fetch's advantage.

Finally, Fetch's cited cases are inapposite.  Unlike the federal court in *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999), Judge Gonzalez Rodgers did not issue any adverse rulings against Uber that Uber would have attempted to avoid by filing its cross complaints in the State Court Action.  *Id*. (holding that defendant forum shopped where they "had not fared well in three summary judgments in this action in federal court" and sought a new chance in state court).  In *Chartsis Specialty Ins. Co. v. Tel. Hill Properties, Inc.,* No. C 11-05696-RS, 2013 WL 1629173, at *5 (N.D. Cal. Apr. 16, 2013), the declaratory judgment defendant had litigated the federal court case for over a year, and the declaratory relief case did not address the same issues as the state court case.  In contrast, the initial Federal Action here was only pending for a few months when Uber dismissed it, no substantive or case dispositive motions had been briefed,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

argued, and decided, and this case involves precisely the same issues as the contract causes of action in state court. Finally, Fetch's *Evanston* case actually supports Uber's position, defining "reactive litigation" (i.e., forum shopping) in a manner that describes an analogous situation to this case: "a declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the same issues of state law." *Evanston Ins. Co. v. Workland & Witherspoon, PLLC,* No. 2:14-CV-193-RMP, 2014 WL 4715879, at *6 (E.D. Wash. Sept. 22, 2014) (citing *Robsac*, 947 F.2d at 1372).

In short, because Fetch could have pursued its declaratory relief claims in the already-pending State Court Action, and because Fetch's declaratory relief complaint was "reactive" under Ninth Circuit law, this factor weighs in favor of dismissal.

### c. Fetch Concedes that this Case Overlaps with the State Court Action

Fetch concedes, as it must, that this case addresses the same issues as Uber's breach of contract claims in the State Court Action. Fetch admitted as much in its recent motion to stay the State Court Action: "Uber's Cross-Complaint in the present action . . . covers the same contractual subject matter as the Federal Action pending in the Northern District of California." *Phunware v. Uber,* Case No. CGC-17-561546, Fetch and Phunware's January 8, 2018 Renewed Motion to Stay at 4; *see also* Fetch and Phunware's January 31, 2018 Reply in Support of Motion to Stay at 2 ("With the federal court now having the declaratory relief action before it, there is still substantial overlap on the critical contract issues"; "this is a contract case."). Indeed, every legal and factual issue involved in this case will be resolved via the State Court Action. As such, dismissal is warranted. *See Hanover Ins. Co.*, No. C 16-01099 WHA, 2016 WL 3443387, at *3 ("The most important question for the claim at hand . . . is to what degree this claim invites unnecessary, duplicative litigation.").

Ignoring the overlap between the actions, Fetch argues that the actions are not "duplicative" because the State Court Action includes additional issues beyond those raised in Fetch's declaratory relief claims. Opposition at 9-10. That is irrelevant. Under *Brillhart*, the question is whether the pending state court case overlaps with the federal action, not whether it is more expansive. *See, e.g.*, *Mainini v. Johnson*, No. 14-CV-03205-BLF, 2015 WL 1225633, at *5 (N.D. Cal. Mar. 17,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2015) (dismissing duplicative declaratory relief action in favor of "broader" state court action); *Massachusetts Mut. Life Ins. Co. v. Chang*, No. 16-CV-03679-EMC, 2016 WL 6778664, at *5 (N.D. Cal. Nov. 16, 2016) (declaratory relief action duplicative of state court action where it "presents no issue which will not be at issue in the state court suit."). Fetch's cases do not hold otherwise. In those cases, unlike here, there was *no* overlap whatsoever between the federal and state court actions. *Chartsis Specialty Ins. Co. v. Tel. Hill Properties, Inc.,* No. C 11-05696-RS, 2013 WL 1629173, at *5 ("Here, because the state court case does not include the coverage issue, and because the coverage issue in the federal action is not contingent on any further state proceedings there is good cause to exercise jurisdiction.") (internal quotations omitted); *Hanover Ins. Co.*, No. C 16-01099 WHA, 2016 WL 3443387, at *3 (issues in state court action and declaratory relief action were "logically unrelated"); *One Beacon Ins. Co. v. Prometheus Real Estate Grp.,* Inc., No. C 07-01779 WHA, 2007 WL 2318925, at *3 (N.D. Cal. Aug. 13, 2007) (claims were not duplicative because the state court action addressed violations of ICRAA while the federal action addressed whether defendant's insurance policy covers such ICRAA claims).

Fetch also makes the unsupportable argument that it would be *more* efficient for this case to proceed because it contains fewer claims than the State Court Action. Opposition at 7-8. Fetch turns the idea of efficiency on its head. The most efficient way to proceed would be to litigate all claims and issues at the same time in a single court. The only court where that is possible is the state court. Fetch provides no support for its statement that this Court could resolve the contract issues more quickly than the state court, but even if this Court did resolve those issues, it would still leave Uber's numerous tort claims, damages claims, and claims between Uber and Phunware for the state court to decide. Such piecemeal litigation would be the opposite of efficient.

Finally, the State Court Action is much farther along than this case. Discovery has already begun, as Uber and Phunware have served each other with an initial set of written discovery requests and responses, and Uber has served Fetch with requests for production of documents. Dkt. No. 20-1, ¶ 3. Additionally, Fetch and Phunware have both filed demurrers, which are set for hearing February 7. In contrast, Uber's response to Fetch's complaint in this case is not due until 14 days after this Court rules on Uber's motion to dismiss. Dkt. No. 21.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### B. Fetch Concedes that the Vast Majority of the *Dizol* Factors Support Dismissal

In its motion to dismiss, Uber explained why each of the additional *Dizol* factors supported dismissal here. Motion at 8. For instance, this lawsuit will not decide all aspects of the disputes between the parties because the State Court Action is far broader; proceeding with this lawsuit will serve no useful purpose due to the existence of the State Court Action; this lawsuit would be res judicata as to Uber's contract claims against Fetch in state court; and parallel proceedings in state and federal court could result in inconsistent rulings, resulting in entanglement between the federal and state court systems. *Id*. Fetch's opposition concedes all of these points except that this lawsuit would give Fetch an "unfair res judicata advantage." Opposition at 11. While this suit would likely act as res judicata as to Uber's contract claims against Fetch in state court, Uber acknowledges that such an effect would not be "unfair." However, this relatively minor point is nowhere near enough to undo every other *Brillhart* and *Dizol* factor that weighs in favor of dismissal.

### C. Dismissal is More Appropriate than a Stay

As discussed, the contract claims in the State Court Action are mirror images of the declaratory relief claims here. Fetch did not move to dismiss Uber's contract claims in that action, so those claims will be heard regardless of whether the state court sustains Fetch's demurrer. Thus, even if Fetch successfully narrows the State Court Action to only the contract causes of action, staying this case until resolution of the State Court Action would serve no purpose because the State Court Action will resolve all of the issues underlying the declaratory relief claims Fetch asserts here. Indeed, Fetch fails to identify any reason for keeping this case alive other than "in the event of any issue with the state court action." Opposition at 11. But Fetch does not articulate what such an "issue" might be, because none exists. Where, as here, the state court case will resolve all issues in the federal court declaratory relief action, dismissal is the proper course. *See State Farm Mut. Auto. Ins. Co. v. Marentes,* No. 15-CV-02289-LHK, 2015 WL 6955012, at *8 (N.D. Cal. Nov. 10, 2015) (federal court granted motion to dismiss declaratory relief action because the "issues should have been, have been, and shall be resolved in state court.") As such, if the Court is inclined to grant Uber's motion, there would be no reason to keep this case active, and dismissal would therefore be the more appropriate outcome.

Case No. 3:18-cv-00015-WHA   –7–

DEFENDANT UBER TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PLAINTIFF FETCH MEDIA, LTD.'S COMPLAINT FOR DECLARATORY RELIEF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## **CONCLUSION**

Each of the factors supporting dismissal of declaratory relief actions weighs in favor of dismissal of this action. Proceeding with this action would waste judicial resources and impede the efficient resolution of the parties' dispute. For all of the foregoing reasons, Uber respectfully requests that the Court dismiss or, alternatively stay, this federal declaratory action in favor of the State Court Action.

DATED:  January 31, 2018         REED SMITH LLP


                                 By: /s/ Ashley L. Shively
                                     Ashley L. Shively
                                     Attorneys for Defendant
                                     UBER TECHNOLOGIES, INC.