IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FETCH MEDIA, LTD.,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC.,

    Defendant.

No. C 18-00015 WHA

**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STAY**

## INTRODUCTION

In this action seeking declaratory judgment relief, defendant moves to dismiss or, in the alternative, stay the action pending resolution of a parallel state court action. For the reasons set forth below, the motion to dismiss is **DENIED**, and the motion to stay is **GRANTED**.

## STATEMENT

In 2015, defendant Uber Technologies, Inc., hired plaintiff Fetch Media, Ltd. to place mobile advertising for Uber with various third-party advertising suppliers. This campaign lasted until January 2017 when Uber, concerned over fraud by the third-party advertising suppliers, stopped paying and claimed that Fetch had a contractual duty to police and prevent such fraud.

After pressure from Fetch to pay the amounts owed, Uber sued Fetch in this district for breach of contract and other state law claims. Shortly thereafter, Phunware, Inc., one of the

advertising suppliers that Fetch had hired sued Uber in California Superior Court. Phunware alleged that Uber's withholding of payment to Fetch resulted in non-payment to Phunware.

Uber filed a cross-complaint against Phunware in state court. Because Uber had claimed Fetch's breach of contract and fraudulent conduct caused the non-payment to Phunware, Uber named Fetch as a third-party defendant. The cross-complaint asserted all the same claims against Fetch as it did in the federal action, as well as additional claims for conspiracy and intentional interference with a contract (Dkt. Nos. 20-2, 26-2).

Both cases proceeded in parallel until December 22, 2017, when Uber voluntarily dismissed its federal action.

On January 2, 2018, Fetch brought the instant action for declaratory relief. Fetch seeks determinations that (1) Fetch had no duty to police or prevent third-party suppliers' fraud, and (2) Uber had no basis for refusing to pay the amounts owed to Fetch and the third-party suppliers. Uber now moves to dismiss or, in the alternative, stay this action pending resolution of the state law action.*

**ANALYSIS**

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). Under *Brillhart*, factors to be considered include avoiding duplicative litigation, avoiding needless determination of state law issues, and discouraging litigants from filing declaratory actions as a means of forum shopping. *Brillhart* remains the philosophic touchstone in our circuit, but these factors are not exhaustive. In *Dizol*, our court of appeals held that a district court may further consider:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a

---

\* Fetch and Phunware also have a motion to stay pending in state court. Originally scheduled to be heard on February 7, Judge Harold Kahn of the San Francisco Superior Court continued the motion to give this Court the opportunity rule on the instant motion. For this Court's benefit, Judge Kahn indicated his tentative view is that the factors considered in *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.*, 15 Cal. App. 4th 800 (1993), do not favor granting a stay of the state court action.

2

><br>
> useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of the declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998). Here, the *Brillhart* and secondary *Dizol* factors favor staying the action.

### 1. AVOIDING DUPLICATIVE LITIGATION.

This declaratory relief action involves questions of fact and law identical to the state action. Uber's state court complaint asserts that Fetch breached its contractual duty to police and prevent ad fraud. In the instant action, Fetch asserts that it had no such duty under that very contract. Both actions must necessarily determine the parties' respective duties under the contract, and a declaration of those rights here would be duplicative of the state court action.

Fetch argues that there is no risk of duplicative litigation, but this argument is far-fetched. Each of the three district court decisions cited presented no overlap between the state and federal actions. Each involved an insurer in federal court seeking a declaration that they had no duty to cover claims against insureds brought by third-parties in state court. This case presents a starkly different scenario, where not only are the issues to be decided common to both actions, but the parties to the actions are identical as well.

Fetch seemingly acknowledges the fact that this action would result in duplicative litigation. In its brief, Fetch concedes that Uber asserted the same causes of action against Fetch in state court as Uber did in the federal action, actually referring to the cross-complaint as "duplicative." Confusingly, Fetch also asserts that this declaratory action would not result in duplicative litigation *at the same time as they are asking for a stay of the state court action pending the outcome here* (Dkt. No. 26 at 9–10).

Because this action would create duplicative litigation, this factor heavily weighs in favor of abstention.

## 2. AVOIDING NEEDLESS DETERMINATION OF STATE LAW.

The instant action presents no federal question and concerns only state contract law. Our court of appeals has held that when a declaratory judgment action involves only state law claims, and those claims are common to both the state and federal action, retaining jurisdiction would result in a needless determination of state law. *Smith v. Lenches*, 263 F.3d 972, 978 (9th Cir. 2001).

Fetch claims that this factor weighs against abstention because the case does not involve unsettled or complex questions of state law. The state law issues may not be complex or novel, but a determination here would nonetheless be needless because they will be decided in state court.

This factor accordingly weighs in favor of abstention.

## 3. AVOIDING FORUM SHOPPING.

Both sides vehemently accuse the other of forum shopping.

Our court of appeals has held that a declaratory judgment action brought against a party during the pendency of a non-removable state court action, presenting the same issues of state law, is an "archetype of what we have termed 'reactive' litigation." *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372–73 (9th Cir. 1991). In *Robsac*, an insured (a California citizen) sued its insurer (an Illinois citizen) and other defendants (some of whom California citizens) in state court. Because the case could not be removed, the insurer filed a declaratory action in federal court seeking a declaration that it was not liable for any coverage under the policy. This, our court of appeals held, would encourage forum shopping in violation of the second *Brillhart* principle.

Fetch attempts the same here. Phunware (a citizen of Delaware and Texas) sued Uber (a citizen of Delaware and California), and Uber cross-complained against Fetch (a foreign citizen). Not being removable, Fetch seeks this declaratory action in an attempt to obtain a federal forum. This, like *Robsac*, is reactive and a violation of the second *Brillhart* principle.

Fetch, for its part, claims that Uber, after "seeing the writing on the wall in federal court," engaged in forum shopping by voluntarily dismissing the first federal action in favor of

4

the state court action. The facts, however, present a more innocent story. Uber did not initiate the state court action. Phunware, a non-diverse party, sued Uber. Because the case presented issues involving the contract it had with Fetch, Uber added Fetch as a third-party defendant and asserted the same causes of action against Fetch as it did in the first federal action. Uber, apparently uninterested in litigating the same issue in two fora, voluntarily dismissed the less inclusive federal action. This was a reasonable response to avoid duplicative litigation and was not forum shopping.

This factor accordingly weighs in favor of abstention.

### 4. OTHER *DIZOL* FACTORS.

The principal factors having been discussed, this order turns to the secondary factors under *Dizol*.

*First*, with respect to whether the declaratory action will settle all aspects of the controversy, the state action encompasses more parties and more claims than the current action. A determination here would settle only a portion of the underlying controversy, and therefore result in piecemeal litigation and should be avoided.

*Second*, with respect to whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue, although this action may clarify the legal relationship between the parties, any such determination would not add value because that relationship will be decided in the state court action.

*Third*, with respect to whether the declaratory action is being brought for the purposes of obtaining a res judicata advantage, no such advantage will flow from allowing either case to go first.

*Fourth*, with respect to whether the use of the declaratory action will result in entanglement between the federal and state court systems, there is no risk of inconsistent rulings, as one judge or the other will abstain.

*Fifth*, with respect to the availability and relative convenience of other remedies, California law does offer declaratory relief, and this option is available to Fetch in the state court.

On balance, considering the principles of judicial economy, comity, and federalism, this order determines that the *Brillhart* and *Dizol* factors weigh in favor of staying the action.

**CONCLUSION**

The motion to stay is therefore **GRANTED**. In fairness to Fetch, should the state court fail to resolve the Fetch part of the case, the motion to dismiss is **DENIED** — for the time being. A status conference is set for **DECEMBER 13, 2018, AT 11:00 A.M.** Please file a joint statement by December 6. The case management conference set for April 5 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: February 16, 2018.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE